UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RENE MARTINEZ, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 20-cv-1068-MMM |
| | ) |
| TERRI KENNEDY, et al., | ) |
| | ) |
| Defendants. | ) |

**MERIT REVIEW ORDER**

Plaintiff, proceeding pro se, filed a complaint under 42 U.S.C. § 1983, alleging the unconstitutional use of force and inhumane conditions of confinement at the Pontiac Correctional Center ("Pontiac"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff alleges that on February 21, 2018, there was a disturbance at the Pontiac and a Tact Team was called to remove prisoners from their cells. Tact team members entered Plaintiff's cell and ordered him to cuff-up. Plaintiff claims that he complied but, as he was exiting his cell, he was punched in the face and knocked to the ground by three Tact Team

members. Plaintiff asserts that the occurrence was recorded by the video camera in the Officers' cage.

Plaintiff was thereafter taken out in the cold and handcuffed to Segregation Cage #3 where he was held for an undisclosed amount of time without a coat or winter clothing. Plaintiff was thereafter taken to the dining room where he was handcuffed and forced to stay seated for approximately 11 hours. Plaintiff was not allowed to use the bathroom and, of necessity, urinated on himself. Plaintiff was thereafter placed in a strip-out cell without clothes or bedding. The water in the cell had been turned off as "punishment" so the toilet could not be flushed. As a result, bodily waste accumulated in the toilet during the three days in which Plaintiff was held in the strip-out cell.

## ANALYSIS

In excessive force claims the relevant inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). This is so, as prison officials considering the use of force must balance the threat presented to inmates and prison officials against the possible harm to the inmate against whom the force is to be used. Plaintiff alleges that he was struck while exiting his cell, even though he had complied with the Officers' orders. As it does not appear that the Officers used force for the purpose of restoring or maintaining discipline, Plaintiff has stated a colorable claim.

There is an issue, however, as Plaintiff alleges, generally, that he was punched and knocked to the floor by three Tact Team members. Plaintiff does not claim that he was punched three times and it appears likely that he was struck by one officer, rather than all three. Plaintiff must replead this claim with more clarity. If he does not know the identity of the Officer who

punched him, he may plead that he was punched by Doe Officer #1. If Plaintiff claims that he was punched by more than one Officer, he is to clearly indicate this.

Plaintiff also alleges that he was held for three days in inhumane conditions in the strip-out cell. In the corrections context, a prison official is liable for denying a prisoner's basic human needs only if aware of and deliberately indifferent to an objectively serious risk of harm. *Townsend v. Fuchs,* 522 F.3d 765, 773 (7th Cir. 2008). Here, Plaintiff fails to plead that the conditions at issue were "sufficiently serious" resulting in "the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan,* 511 U.S. 832, 834 (1994) (internal quotation marks omitted). Jail conditions may be uncomfortable and harsh without violating the Constitution and the Court is to look to the duration of the complained-of conditions. *Dixon v. Godinez,* 114 F.3d 640, 642 (7th Cir. 1997) *See also, Jihad v. Wright*, 124 F.3d 204 at *2 (7th Cir. 1997) (three days in a cell without running water, hygiene supplies or adequate toilet paper not sufficiently serious.) This claim is DISMISSED, though Plaintiff will be given an opportunity to replead.

Plaintiff names wardens Teri Kennedy and Michael P. Melvin but asserts no claims against them. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir.2005) (citations omitted). Merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir.1998). Defendants Kennedy and Melvin are DISMISSED.

Plaintiff asserts that there is a videotape of the incident, asking that it be preserved. The Court will direct Pontiac Officials to determine whether there is video and, if so, to maintain it.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. It is to be captioned Amended Complaint and is to state all of Plaintiff's claims without reference to a prior pleading. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Defendants Kennedy and Melvin are DISMISSED.

2) Plaintiff files [4], a motion for recruitment of *pro bono* counsel but does not indicate that he attempted to secure counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). [4] is DENIED at this time. In the event that Plaintiff renews his motion for appointment of counsel, he is to provide copies of the letters sent to, and received from, prospective counsel.

3) A copy of this order is to be sent to the Pontiac Warden or the Warden's designee. This individual is to determine whether there is a video of the February 21, 2018 incident and, within 21 days, to so advise the Court. If the video exists, it is to be preserved.

 6/17/2020  
ENTERED

s/Michael M. Mihm  
MICHAEL M. MIHM  
UNITED STATES DISTRICT JUDGE