E-FILED
Wednesday, 02 December, 2020  10:05:24 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **RENE MARTINEZ,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | **No.: 20-cv-1068-MMM** |
| ) | |
| **TERRI KENNEDY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MERIT REVIEW – AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, files an amended complaint under 42 U.S.C. § 1983, alleging the unconstitutional use of force, inhumane conditions of confinement and deliberate indifference at the Pontiac Correctional Center ("Pontiac"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the amended complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

On February 21, 2018, Plaintiff was held in the Pontiac North Cellhouse in Administrative Detention. On that date, a tactical team entered the unit in full riot gear, hand-cuffing inmates and removing them from their cells. Three unidentified officers entered Plaintiff's cell at which time from Doe Officers #2 and #3 slammed him to the floor and applied

overly tight handcuffs. Plaintiff claims that he was backed out of the cell with Doe Defendants #2 and #3 on either side of him. He claims that, though he was compliant, Doe Defendant #1 punched the side of his head and face, causing him to lose consciousness. Plaintiff alleges that Defendant Defendants #2 and #3 merely laughed and did not intervene.

The three officers then took Plaintiff outside into the cold and handcuffed to a segregation cage where he was held for one hour without a coat or winter clothing. During this time, Plaintiff requested medical attention from unknown prison and medical staff, without success. Plaintiff was thereafter taken to the dining room where he was handcuffed to a table and forced to stay seated for approximately 10 hours under the supervisions of unknown staff members. Plaintiff asked one or more unknown staff members for permission to use the bathroom. When this was denied, he urinated on himself.

Plaintiff was thereafter placed in a strip-out cell for three days without clothes, bedding or toiletries. The cell was cold, did not have running water and was rife with dirt, blood, feces, urine, bugs and rotten food. Plaintiff complained of the conditions to a Doe 1 Gallery Officer and also requested medical help, not indicating the reason for which such help was needed. The Doe Officer refused.

Plaintiff makes a general claim that unknown prison officials and medical staff failed to intervene, exhibiting deliberate indifference. These claims, however, are unduly vague and do not serve to give any potential Defendant notice of the claims against him. Plaintiff was, in fact, previously advised that such general claims do not sufficiently plead a cause of action.

## ANALYSIS

Plaintiff will be allowed to proceed on the excessive force claim against Doe Defendant #1-#3 as he successfully alleges the force used against him was exerted maliciously and

sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). While Plaintiff claims that Doe Defendants #2 and #3 did not intervene when he was punched by Doe Defendant #1, he does not allege that Doe Defendants #2 and #3 had an opportunity to intervene to stop the punch. To be liable for a failure to intervene, a prison official must have had a "realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's right..." *Bey v. Pollard*, 13-952, 2014 WL 5460439, at *4 (E.D. Wis. Oct. 27, 2014) (internal citations omitted).

Plaintiff might otherwise plead a credible claim that Doe Defendants #1-3 and the 1 Gallery Officer were deliberately indifferent to his serious medical needs. He does not indicate, however, why he needed medical attention. The vague deliberate indifference claims as to unknown prison officials and medical staff cannot go forward as they do not indicate the number of individuals to whom Plaintiff complained or any information which might be used to identify them.

Plaintiff also alleges that he was held for three days in inhumane conditions in the strip-out cell. In the corrections context, a prison official is liable for denying a prisoner's basic human needs only if aware of and deliberately indifferent to an objectively serious risk of harm. *Townsend v. Fuchs,* 522 F.3d 765, 773 (7th Cir. 2008). The conditions must be "sufficiently serious" resulting in "the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan,* 511 U.S. 832, 834 (1994) (internal quotation marks omitted). Jail conditions may be uncomfortable and harsh without violating the Constitution and the Court is to look to the duration of the complained-of conditions. It is likely that Plaintiff cannot sufficiently establish inhumane conditions of confinement where he was only held three days. *See Dixon v. Godinez,* 114 F.3d 640, 642 (7th Cir. 1997) *See also, Jihad v. Wright*, 124 F.3d 204 at *2 (7th Cir. 1997)

(three days in a cell without running water, hygiene supplies or adequate toilet paper not sufficiently serious.) This claim will be allowed to proceed against Doe Defendant #4, however, pending a more fully developed record.

**IT IS THEREFORE ORDERED:**

1.     This case shall proceed solely on the excessive force claims against Doe Defendants #1-3 and the conditions of confinement claims against the 1 Gallery Officer who is to be identified as Doe Defendant #4 and added to the caption. Plaintiff will be given a final opportunity to replead his deliberate indifference claims, should he wish. The pleading is to be captioned Second Amended Complaint and is to include all of Plaintiff's claims without reference to a prior pleading. Plaintiff's failure to intervene claim, and his and deliberate indifference claims against unknown Pontiac officials and medical staff, is DISMISSED. All other claims will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

2.     Plaintiff is advised that unidentified Doe Defendants cannot be served, as a result, the clerk will add Warden Jackson as a Defendant for the sole purpose of identifying the Doe Defendants. *See Wetzel v. Sheahan*, 2000 WL 222557 * 4 (7th Cir. Feb. 22, 2000) ("where a pro se plaintiff states a colorable claim but is unable to identify the proper defendants due to his incarceration the district court should assist him in identifying the proper parties.") *See also, Donald v Cook Co. Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996) ("the court may assist the plaintiff… by allowing the case to proceed to discovery against high-level administrators with the expectation that they will identify the officials personally responsible…) After that is done, Warden Jackson may move to be dismissed. Plaintiff is placed on notice that it will be his

responsibility, through initial disclosures and discovery, to identify the Doe Defendants. The failure to do so will result in their dismissal.

3.    The Clerk is directed to send Defendant Jackson, pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

4.    If Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5.    Defendant shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

6.    Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

7.      Once counsel has appeared for Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead,  the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8.      Counsel for Defendant is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

9.      Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

 1)  ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES;

 2)  SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES; AND,

 3)  ENTER THE STANDARD QUALIFIED PROTECTIVE ORDER PURSUANT TO THE HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT.

 LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT

DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF

FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).


  12/2/2020                         s/Michael M. Mihm

ENTERED                           MICHAEL M. MIHM

                                 UNITED STATES DISTRICT JUDGE